UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL DIAZ JR.,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. RYAN SWIFT, Shield No. 10866, Individually and in his Official Capacity, P.O. NICHOLAS SANTOMERO, Shield No. 16608, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff MICHAEL DIAZ JR., by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MICHAEL DIAZ JR. is a Hispanic male who is and has been at all relevant times a resident of Bronx County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned P.O. RYAN SWIFT, P.O. NICHOLAS SANTOMERO, and P.O.s JOHN DOE #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about April 13, 2016, plaintiff MICHAEL DIAZ JR., an Auxiliary Police Officer with the 52nd Precinct of the New York City Police Department, was lawfully in the vicinity of his home, located at 3764 Bronx Blvd. Bronx, NY, when he observed several NYPD officers enter his residence and attempt to place his brother under arrest.

14. At the aforesaid time and place, plaintiff identified himself as an Auxiliary Police Officer from the 52nd Precinct and offered to assist the officers in placing his brother under arrest. Eventually, the officers were able to subdue plaintiff's brother and place plaintiff's brother in handcuffs.

15. Thereafter, plaintiff walked outside of his apartment and was approached by a NYPD officer who proceeded to ask plaintiff what happened. Plaintiff explained to the officer what had transpired inside the apartment. At this time, a supervising officer approached the plaintiff and removed plaintiff's Auxiliary Police Identification Card and his Auxiliary Police Officer shield from his person and told plaintiff to report to the 47th Precinct.

16. Subsequently, plaintiff reported to the 47th Precinct and was informed that he was being placed under arrest and charged with Obstructing Government Administration. He was

then handcuffed, searched, placed in a holding cell for several hours, and charged with Obstructing Government Administration.

17. Thereafter, plaintiff was transported to Central Booking where he was detained for several more hours before he was released prior to arraignment when the Bronx District Attorney's Office declined to prosecute the arrest on or about April 14, 2016, because there was no evidence that plaintiff attempted to – or did – prevent the defendant officers from effectuating the arrest of plaintiff's brother.

18. At no time on April 13, 2016, did the plaintiff obstruct government administration, commit any crimes or offenses, or behave unlawfully in any way.

19. At no time on April 13, 2016, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

20. At no time on April 13, 2016, did defendants possess probable cause to arrest plaintiff.

21. At no time on April 13, 2016, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office – namely, the defendants informed prosecutors that plaintiff had intentionally obstructed them from effectuating a lawful arrest by means of physical force.

23. As a result of his unlawful arrest, plaintiff spent approximately twenty-four (24) hours in custody.

24. In addition, as a result of this unlawful arrest, plaintiff was denied several jobs in law enforcement.

25. Further, as a result of this unlawful arrest, plaintiff, who was a licensed firearm owner, had his firearms license suspended and was forced to surrender his firearm. Thereafter, despite the fact the District Attorney's Office declined to prosecute the arrest, defendants retained plaintiff's legal firearm from on or about April 13, 2016 until it was returned to him in and around August 2016. As a result, plaintiff was deprived of his property, to wit, his firearm and was unable to apply to any law enforcement jobs that required a valid firearm's license during the suspension period.

26. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, lost wages/employment opportunities, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DEPRIVATION OF PLAINTIFF'S RIGHT TO KEEP AND BEAR ARMS IN VIOLATION OF THE SECOND AND FOURTEENTH AMENDMENTS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

37. Plaintiff possessed a valid New York City handgun license and a legal firearm.

38. As a result of the aforesaid conduct by defendants, plaintiff's handgun license was suspended and his firearm confiscated from on or about April 13, 2016 until in or around August 2016, despite the fact he was never prosecuted for any crime.

39. The defendants' actions unlawfully deprived plaintiff of his right to possess a firearm under the Second and Fourteenth Amendments to the United States Constitution.

40. As a result of the foregoing, plaintiff was deprived of his property, to wit, his firearm and was unable to apply to any law enforcement jobs that required a valid firearm's license during the suspension period.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and,

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and,

   iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct; and,

   iv. confiscating and/or destroying firearms and terminating and/or suspending gun licensing privileges of individuals who have been charged with crimes, even where said charges are later declined prosecution and/or

dismissed; and,

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

48. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

49. The acts complained of deprived the plaintiff of his right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. Not to have summary punishment imposed upon him;

    d. Not to be deprived of property without due process of law;

    e. Not to be deprived of the right to keep and bear arms without due process of law; and,

    f. To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 14, 2016

BY: _____/S_____
JOSHUA FITCH
GERALD COHEN
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com
ifuchs@cohenfitch.com